UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:20-CR-00022-GNS-HBB-1

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.

JASON ZABEL                                                                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Objection (DN 29) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 28) that Defendant's Motion to Suppress (DN 20) be granted in part and denied in part. For the reasons stated below, the objection is **OVERRULED**.

I.      **BACKGROUND**

Defendant Jason Zabel ("Zabel") was indicted by a federal grand jury on one count of abusive sexual conduct at Mammoth Cave National Park. (Indictment 1, DN 8; Criminal Compl. 1, DN 1). As alleged in the Criminal Complaint, Zabel was in an elevator with the victim on August 4, 2020, when he touched victim's covered buttocks, attempted to kiss her, and exposed his penis. (Criminal Compl. 1). Zabel allegedly admitted that he touched the victim's buttocks, stood close to her, and exposed himself. (Criminal Compl. 1).

After the alleged crime was reported, two U.S. Park Rangers spoke with Zabel while in Mammoth Cave. In Zabel's motion, he seeks to suppress the statements he made to the Park Rangers, which were recorded on one of the Park Ranger's body cameras. (Def.'s Mot. Suppress 1-2, DN 20).

Because the parties agreed that an evidentiary hearing was unnecessary, the Magistrate Judge issued the Findings of Fact, Conclusions of Law, and Recommendation ("R&R") based

1

solely on the parties' arguments and the DVD of the interrogation recorded by the body camera. (R. & R. 1, DN 28). Considering all of the circumstances of the interrogation, the Magistrate Judge concluded that Zabel was not in custody and a *Miranda* warning was not required before Zabel had made any incriminating statements. (R. & R. 5-6). Thus, the Magistrate Judge recommended the denial of the motion as to Zabel's statements during the interview but recommended the granting of the motion as to any statements made by Zabel on the way to the surface while he was in custody before being advised of his *Miranda* rights. (R. & R. 6-7). Zabel has objected to the R&R as to the admissibility of the statements made during the interview. (Def.'s Obj. 3-7, DN 29).

## II.   STANDARD OF REVIEW

When ruling on an objection to a magistrate judge's report and recommendation of disposition on a Defendant's motion to suppress evidence, the Court conducts a *de novo* review. *See* 28 U.S.C. §§ 636(b)(1)(A), (B); *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2004).

## III.   DISCUSSION

Under the Fifth Amendment to the U.S. Constitution, "[n]o person shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court, in prescribing safeguards for the effectuation of the Fifth Amendment, held that "the prosecution may not use statements . . . stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Id.* at 444. The safeguards "prescribed by *Miranda* are to ensure that the police do not coerce or trick captive suspects into confessing . . . ." *Berkemer v. McCarty*, 468 U.S. 420, 433 (1984). If a suspect is interrogated

while in custody and he does not voluntarily, knowingly, and intelligently waive his *Miranda* rights, any statements he makes to the police must be suppressed. *See id.* at 429.

>   As the Sixth Circuit recently explained:
>
>   "In determining whether a person is 'in custody' for purposes of *Miranda*, courts look to 'the objective circumstances of the interrogation to determine how a reasonable person in the position of the individual being questioned would gauge the breadth of his or her freedom of action.'" "The ultimate inquiry is whether, under the totality of the circumstances, the interviewee's freedom of movement was restrained to a degree associated with formal arrest." Courts consider several factors when making this determination, including where the questioning took place, the length and manner of the questioning, whether there was any restraint on the individual's freedom to move, and whether the individual was told that he needed to answer the questions.

*United States v. Cantie*, No. 20-3151, 2021 WL 79805, at *3 (6th Cir. Jan. 11, 2021) (internal citations omitted) (quoting *United States v. Hinojosa*, 606 F.3d 875, 883 (6th Cir. 2010)); *see also Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) (noting that an interrogation includes "not only . . . express questioning, but also . . . any words or actions on the part of the [law enforcement] (other than those normally attendant to arrest and custody) that the [law enforcement] should know are reasonably likely to elicit an incriminating response."). As the Sixth Circuit has noted, "[w]hether investigators inform a suspect that he is free to leave or to refuse to answer questions is the most important consideration in the *Miranda* custody analysis." *United States v. Martinez*, 795 F. App'x 367, 371 (6th Cir. 2019) (citing *Howes v. Fields*, 565 U.S. 499, 515 (2012)).

While the parties cite to cases applying different factors, the focus is still ultimately the same—the totality of the circumstances. *See Cantie*, 2021 WL 79805, at *3. In his Objection, Zabel specifically focuses on the location of his interview by the Park Rangers and whether his freedom of movement was restrained by them in arguing that the incriminating statements should be suppressed. (Def.'s Obj. 3-7).

While Zabel contests the characterization that Mammoth Cave was his workplace, the parties agree that Zabel was working for a contractor performing work within Mammoth Cave when he was approached by the Park Rangers. As Zabel noted during the interview, he had been working in Mammoth Cave since January before the alleged crime in August 2020. (Pl.'s Resp. Def.'s Mot. Suppress Ex. A, at 21:40-21:48, DN 24). Thus, Zabel was familiar with Mammoth Cave as his worksite.

When the Park Rangers approached Zabel, he was with a group of his co-workers, and the Park Rangers asked for Zabel by his first name. (Pl.'s Resp. Def.'s Mot. Suppress Ex. A, at 4:18-4:25). After Zabel identified himself, the Park Rangers asked to speak with him and then led him away from the group to an area where they could speak in private. (Pl.'s Resp. Def.'s Mot. Suppress Ex. A, at 4:25-5:43). One of the Park Rangers informed Zabel that he was not under arrest, did not have any outstanding warrants, was free to go, and did not have to answer their questions. (Pl.'s Resp. Def.'s Mot. Suppress Ex. A, at 6:29-7:14). During the interview, they stood on different sides of the passageway, and Zabel was not handcuffed. While the questioning was direct and pointed as to the accusations that had been made by the victim, the Park Rangers' questioning of Zabel was not hostile.

While the Park Rangers did deny Zabel's several requests to use the bathroom during the interview, that fact alone does not support a finding that he was in custody. *See Martinez*, 795 F. App'x at 376 (noting that allowing the interviewee to use the bathroom following the completion of the interview but before arrested weighed against a finding that the interviewee was in custody). Following the completion of the interview, the Park Rangers told him that they would take him to a bathroom. (Pl.'s Resp. Def.'s Mot. Suppress Ex. A, at 22:25-22:30).

Based on the totality of the circumstances, Zabel was not in custody during the interview, and Park Rangers were not required to provide him the *Miranda* warning before questioning. *See United States v. Assante*, 979 F. Supp. 2d 756, 760 (W.D. Ky. 2013) ("[T]he Court finds that Defendant was not in custody when the agents spoke to him at his place of employment. Defendant was never advised that he was under arrest and there is no indication that Defendant's freedom of movement was restrained. Furthermore, the place of the questioning was not hostile or coercive. The questioning took place in a break room at Defendant's place of employment with the door unlocked. The interview lasted only a few minutes." (internal citation omitted)); *see United States v. Mahan*, 190 F.3d 416 423 (6th Cir. 1999) (noting that the statement was made without coercion when the defendant was not arrested or threatened with arrest, was interviewed in an unlocked room at his workplace, was never told he could not leave, and was made during an interview lasting about 90 minutes). Accordingly, Zabel's motion will be denied in part on this basis, and his objection will be overruled.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Objection (DN 29) is **OVERRULED**, the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 28) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and Defendant's Motion to Suppress (DN 20) is **GRANTED IN PART** and **DENIED IN PART**.

Greg N. Stivers, Chief Judge
United States District Court

March 4, 2021

cc:    counsel of record